# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANIEL J. JACKSON,           )
                             )
            Plaintiff,       )
                             )
vs.                          )         Case No. 18-1016-JTM-KGG
                             )
GREG JACKSON, *et al.*,      )
                             )
            Defendants.      )
_____)

### ORDER ON MOTION TO PROCEED
### WITHOUT PREPAYMENT OF FEES AND
### <u>REPORT & RECOMMENDATION OF DISMISSAL</u>

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Daniel J. Jackson has also filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 3, sealed). After review of Plaintiff's motion, as well as his Complaint, the Court **GRANTS** the IFP application, but **RECOMMENDS** that the District Court **dismiss** Plaintiff's claims in their entirety.

**I.     Motion to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v.***

1

*Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff, who is 61 years old, indicates he is single with no dependants.  (Doc. 3-1, sealed, at 1, 3.)  He lists no employment for the past 12 months and disability as his only income.  (*Id.*, at 2.)  He owns no real property.  (*Id.*, at 3.)  He states that he owns an older vehicle with little residual value.  (*Id.*)  Plaintiff pays a small amount in rent each month and lists a large outstanding utility bill; he states that his electricity was recently shut off and he is making payments on the amount owed.  (*Id.*, at 5.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed in forma pauperis. (Doc. 3, sealed.)

## II.     Sufficiency of Complaint.

When a party is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). Additionally, Fed.R.Civ.P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction." **King v. Huffman**, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010).

The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the

complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all of Defendant's well-pleaded facts and will draw all reasonable inferences from those facts in his favor. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe his pleadings. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991); Hall, 935 F.2d at 1110. This does not mean, however, that the Court must become an advocate for the *pro se* party. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* party's allegations means that "if the court can reasonably read the pleadings to state a valid claim on which the [*pro se* party] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

4

a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, [the pro se party] must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Twombly***, 127 S.Ct. at 1974).

Although a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the answering party sufficient notice of the claims asserted so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Defendant's state court pleadings (Docs. 1, 4) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges that he is "attempting on running for the 1st Congressional District House of Representatives in the State of Kansas" and Defendants, who are private persons not acting under color of state law, have actively inhibited his ability to run for political office in violation of federal and state law. (Doc. 1, at 5.) There are federal statutes criminalizing the type of behavior of which Plaintiff complains. For instance, pursuant to 18 USCS § 594, it is illegal to intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce, any other person for the purpose of interfering with the right of such other person to vote. Pursuant to 18 USCS § 241, which the Complaint references, it is illegal for "two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." There is no federal civil cause of action awarding damages violating the cited statutes. *See e.g.*, **Moore v. Kamikawa**, 940 F.Supp. 260 (D. Hawaii 1985), *aff'd* 82 F.3d 423 (9th Cir. 1996).

Even construing the Complaint in the light most favorable to Plaintiff, the Court cannot surmise a valid cause of action from the allegations set forth. As such, the undersigned Magistrate Judge recommends that the District Court **DISMISS** this action.

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed IFP (Doc. 3, sealed) is **GRANTED**.

IT IS THEREFORE RECOMMENDED to the District Court that the Complaint (Doc. 1) be **DISMISSED** based on futility and the failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 18th day of April, 2018.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
